USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/28/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL D. WESLEY,

        Plaintiff,

-v-

IMAM MUHAMMAD, *et al.*,

        Respondent.
------------------------------------------------------------x

05 Civ. 5833 (GEL) (MHD)

**ORDER**

GERARD E. LYNCH, District Judge:

    On January 10, 2008, the Honorable Michael H. Dolinger, United States Magistrate Judge, filed a Report and Recommendation ("R&R"), recommending denial of defendants' motion to dismiss, except as to those defendant correction officers named solely with respect to the commissary claim, and requiring that any objections to that recommendation be filed with this Court within ten days of service of the R&R, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72. Plaintiff Michael D. Wesley has objected to the R&R insofar as it recommends granting the motion to dismiss with respect to those defendants. Based on this Court's independent review of the record, the objection will be overruled, and Judge Dolinger's characteristically thorough and well-reasoned R&R will be adopted as the opinion of the Court.

    Insofar as relevant to the present issue, plaintiff claims that officials of the New York City Department of Correction violated his First Amendment right to free exercise of religion by selling pork-based or otherwise non-Halal products in the commissary of the institution in which he is an inmate, without clearly labeling which products do and which do not comply with Muslim dietary restrictions. His argument is that the absence of proper labeling causes other

Muslim inmates erroneously to purchase non-Halal products, which they in turn place on Halal trays, contaminating those trays and preventing observant inmates such as plaintiff from being able to comply with the dictates of their religion.

As Judge Dolinger carefully and correctly noted (R&R at 28), it has long been well established law that prisoners have a right "to receive diets consistent with their religious scruples." Kahane v. Carlson, 527 F.2d 492, 495 (2d Cir. 1975). Plaintiff does not argue that the sort of listing and labeling he demands is necessary in order to permit him to avoid the purchase of non-Halal products in the commissary; rather, he argues that the absence of such information leads other, presumably less scrupulous or less well-informed Muslim inmates inadvertently to treat non-Halal products they purchase in the commissary as Halal, thus leading to contamination of trays and eating utensils that plaintiff then must use. Whether the well-established right to a diet consistent with religious practice extends to an obligation on the part of prison officials to take steps to avoid inadvertent actions by ill-informed co-religionists that might indirectly affect the plaintiff is an interesting question that will no doubt be litigated in this case.

Judge Dolinger did not suggest that any uncertainty about the right as formulated by plaintiff established a qualified immunity defense for those prison officials with the responsibility to set rules for the operation of the commissary. Judge Dolinger recommended denying the immunity motion for defendants in that category. Rather, he noted that there is no basis in the complaint (or, one might add, in common sense) for concluding that ordinary corrections officers responsible simply for operating the commissary had any authority over what was sold or how it was labeled. The supervisory officials, notified of the problem, declined

to act; they cannot be held immune solely on the pleadings. Their underlings, however, had no reason to understand that simply doing their ministerial job could have any impact on plaintiff's religious practice or that selling a food product to an inmate who sought to purchase it could subvert plaintiff's constitutional rights via the chain of causation argued by plaintiff.

Plaintiff's counsel's rather remarkable invocation of the Nuremberg Trials in this context does not merely demonstrate lack of any sense of proportion, but rather suggests precisely the weakness of plaintiff's argument on this score. The correction officer defendants are not, like Nazi concentration camp guards, relying on a defense that they followed the orders of superiors to avoid liability for carrying out blatantly immoral or illegal actions. Rather, they simply and correctly argue that the actions they took carried no indicia whatever of illegality or violation of plaintiff's rights. Plaintiff is not complaining that these officers engaged in clearly wrongful behavior, such as by refusing to provide him with meals that comply with his religious needs. Instead, he questions a decision made at a higher level and the responsibility of supervisory officials, who have the power to avoid a supposed problem for religiously-observant inmates, to take steps to remedy the situation. Nothing in the complaint suggests that a corrections officer assigned to the commissary had any reason whatever to be on notice that the operation of the commissary interfered in any way with the religious observance of inmates who perhaps never set foot in the commissary or consumed any product sold there, by reason of the actions of other inmates, or any power to alter what was sold in the commissary or to undertake an inquiry into the ingredients of the products sold or the suitability of such products for adherents of a particular religion. The attempt to hold such low-level individual officers responsible in

damages for matters that were not their responsibility is unfair to those officers and adds nothing to plaintiff's legitimate pursuit of his rights.

Accordingly, the objection is overruled, the R&R is adopted as the opinion of the Court, and the motion to dismiss is denied, except with respect to those non-supervisory officers named only in connection with the commissary claim, as to whom the motion is granted.

SO ORDERED.

Dated: New York, New York
       January 25, 2008

GERARD E. LYNCH
United States District Judge

4